## THOMAS SHAW, *Adm'r, versus* JOHN MUSSEY.

Neither the owner of real estate, in his lifetime, nor his administrator, after his death, can maintain *trespass* against a person who has entered upon and occupied such real estate with the consent of the owner.

The owner of real estate may maintain assumpsit for money had and received against a person who has taken the rents and profits of it, both parties having acted under a mistake as to the title.

ON FACTS AGREED.

TRESPASS for the mesne profits of two stores and half a store from May 9, 1850, to August, 1852, commenced by the plaintiff as administrator of one Merrill. The writ was dated May 9, 1856.

In 1838, the defendant, with the consent of said Merrill, entered into the possession of the two stores, both supposing they were included in a mortgage from Merrill to the defendant. He received the rents of them, and of the other store, of one half of which he was absolute owner, from that time until the death of Merrill, in August, 1852. After Merrill's death, his heirs recovered the two stores in a writ of entry, on the ground that they were not embraced in the mortgage. The plea was the general issue.

Upon these facts the Court was to render such judgment as the law requires.

*Shepley & Dana,* for the plaintiff.

*Rand,* for the defendant.

The opinion of the Court was drawn up by

DAVIS, J. — The alleged trespass in this case was committed by the defendant by entering into the possession of the premises "with the consent of the plaintiff's intestate." Both parties at that time supposed that the premises were embraced in a mortgage then held by the defendant. After the death of the mortgager, his heirs discovered that these premises were not embraced in the mortgage; and they recover-

ed judgment therefor in a real action. In that suit they counted upon their own title as accruing at the time of the death of their ancestor; and to that extent only, is the judgment conclusive.

The administrator is clothed with the rights of, and represents, his intestate. The latter, while living, could not have maintained an action of trespass against the defendant, because he consented to the entry and possession. *Volenti non fit injuria.* That consent was not revoked during his lifetime; and the defendant, having never been liable to him in an action of trespass, is not liable in such an action to the administrator of his estate, by any principle of the common law, nor by any provision of any statute.

The case is not different from what it would have been if the defendant had yielded possession to the heirs without any suit. The mistake in regard to the identity of the premises with those described in the mortgage was mutual. It is true, since the mistake was one *of fact*, the defendant was liable to pay the plaintiff's intestate whatever he received as rents and profits. For this he is still liable to the plaintiff as administrator, in an action for money had and received, unless the demand is barred by the statute of limitations. But, as he is not liable in trespass, according to the agreement of the parties, *a nonsuit must be entered.*

TENNEY, C. J., RICE, APPLETON, and KENT, JJ., concurred.